PROB 12B
(7/93)

# United States District Court

### for the

### Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
#### *(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: James M. Harris       Case Number: 0980 2:99CR00045-FVS-1

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge

Date of Original Sentence: September 2, 1999      Type of Supervision: Supervised Release

Original Offense: Felon in Possession of Firearm, 18 U.S.C. § 922(g)      Date Supervision Commenced: February 9, 2012

Original Sentence: Prison - 180 months,
                 TSR - 60 months      Date Supervision Expires: February 8, 2017

---

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

16.      You shall complete 40 hours of community service work, at the rate of not less than 20 hours per month at a not-for-profit site approved in advance by the supervising probation officer.  The hours are to be completed in full no later than March 6, 2015.

17.      You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare.  You shall contribute to the cost of treatment according to your ability to pay.  You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

18.      You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

19.      You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

## CAUSE

On January 5, 2015, the undersigned officer received a voice mail from Mr. Harris left on January 3, 2015, informing he had received a "DUI."  Mr. Harris stated he contacted the undersigned officer immediately after leaving the Spokane County Jail.  The undersigned officer placed a call to Mr. Harris on January 6, 2015, and directed him to report to U.S. Probation to address the above-listed violation.  Mr. Harris arrived on time as directed, and provided a copy of his pretrial release conditions drafted by Spokane County Municipal Court.

Prob 12B
**Re: Harris, James M**
**January 9, 2015**
**Page 2**

Mr. Harris admitted to the behavior, and stated that "a friend" bought him a few drinks to help put the previous year behind him. Mr. Harris stated that a few drinks quickly turned into five or six. This statement is consistent with what Mr. Harris told responding officers on the night of the incident. According to police reports, the responding officer observed the vehicle upside down with Mr. Harris trapped inside. The responding officer noted that the car was totaled, and was surprised that Mr. Harris was conscious. Once Mr. Harris had been transported to the hospital, Mr. Harris reported initially drinking at Bowlz, and then stated he went on to a few other places, but could not remember the names of the locations. Mr. Harris stated he would not provide a blood sample, and a warrant had to be requested. The officer also noted slurred speech, a strong odor of intoxicants emitting from Mr. Harris, and that Mr. Harris was unable to provide the street where he lived.

I questioned Mr. Harris in regards to his drinking habits, and he stated he drinks periodically, but rarely gets drunk, usually only having one or two beers. Mr. Harris stated if he does become drunk, he has parked his car in the past, and arranged for other transportation. Mr. Harris continued stating that he simply made a bad decision this time. I explored Mr. Harris' drinking with him, and he stated he did not believe it was a problem, but understood how his recent behavior not only put his safety in jeopardy, but the safety of others as well. I asked Mr. Harris what he thought an appropriate corrective action would be to ensure both his safety and the safety of the public, and Mr. Harris stated he was not sure, and that as of right now he did not know what conditions would be placed on him by "Spokane." I discussed with Mr. Harris the attached conditions, and let him know that I believed the conditions would allow for safe boundaries while providing us both with the information needed to provide him the proper tools to be successful. Mr. Harris agreed with the recommended sanctions and conditions, and stated he knew the director of Meals on Wheels, and should be able to do his community service with them.

It is hoped that the intermediate sanction and conditions imposed meet the expectation of the Court. Please advise the undersigned officer should Your Honor require a different course of action or a court appearance by the offender.

Respectfully submitted,

by        s/ Chris Heinen

Chris Heinen
U.S. Probation Officer
Date:  January 9, 2015

THE COURT ORDERS

[  ]        No Action
[  ]        The Extension of Supervision as Noted Above
[✓]        The Modification of Conditions as Noted Above
[  ]        Other

Signature of Judicial Officer

1/3/15

Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

**16.**  You shall complete 40 hours of community service work, at the rate of not less than 20 hours per month at a not-for-profit site approved in advance by the supervising probation officer.  The hours are to be completed in full no later than March 6, 2015.

**17.**  You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare.  You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**18.**  You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

**19.**  You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

Witness: _Chris Heinen_
Chris Heinen
U.S. Probation Officer

Signed: _James M Harris_
James M Harris
Probationer or Supervised Releasee

_1/6/15_
Date